HENDRY, Judge.
Appellant, Division of Administration, State of Florida Department of Transportation, seeks acquisition of land owned by appellee, Dade County, by statutory quick-taking. Ch. 74, Fla.Stat. (1979). By that abbreviated proceeding, specified public bodies are entitled to take possession and title in advance of final judgment in eminent domain actions by filing a declaration of taking, included in which must be a “good faith estimate of value, based upon a valid appraisal of each parcel . . .” § 74.031, Fla.Stat. (1979). If and when the court determines that the petitioner is entitled to possession prior to final judgment, deposit must be made into the registry of the court of a sum, not less than the good faith estimate mentioned, representing full recompense for the taking. § 74.051, Fla. Stat. (1979). Upon making the deposit, the petitioner is vested with title. § 74.061, Fla.Stat. (1979).
Appellant seeks to further abbreviate this procedure by declaring that it may take the subject property without compensation in any way whatever to appellee Dade County. This declaration is based upon the assertion that Article X, Section 6 of the Florida Constitution (1968) mandates compensation only for takings of private, i. e. non-gov-ernmentally-owned, property; and by reference to treatises and foreign caselaw. Since the present use by the county of the parent parcel would not be reduced by the taking, suggests appellant, appellee Dade County cannot point to a prospective loss for which it should be compensated.
Whatever the merits of that.contention, they will be fully aired in the trial court, and, no doubt, on appeal. However, the ruling appealed relates to the absence of a *327 good faith estimate of value, based upon a valid appraisal. Appellant’s original offer to appellee, which was based upon its own estimate of the parcel’s market value, was in excess of $50,000. That offer was revoked, and replaced with the assertion outlined above. That assertion appears to us to be little more than an exercise in boot-straping: Appellant seeks to put itself into possession, with title, while forcing appellee to seek compensation subsequent to dispossession. We hold such a procedure to be clearly adverse to the underlying rationale of the quick-take statute, and therefore affirm the similar finding of the trial court.
Affirmed.